BEACON MANUFACTURING COMPANY v. GURNEY P. HOOD, COMMISSIONER OF BANKS, AND G. N. HENSON, LIQUIDATING AGENT OF THE CENTRAL BANK AND TRUST COMPANY.

(Filed 15 March, 1933.)

**Banks and Banking H d—Deposit made in reliance on false, published bank statement does not entitle depositor to preference.**

A complaint alleging that plaintiff relied on the false and fraudulent statement of a bank's condition published in a newspaper, and in consequence deposited a check in the bank which was collected by the bank and credited to the depositor's account several days before the bank was placed in a receiver's hands, without any allegation that such misrepresentations were made to the plaintiff personally, *is held* insufficient to state a cause of action against the receiver for a preferred claim, and his demurrer thereto was properly sustained.

APPEAL by plaintiff from *Sink, J.*, at June Term, 1932, of BUNCOMBE. Affirmed.

This is an action to have the claim of the plaintiff against the Central Bank and Trust Company of Asheville, N. C., an insolvent banking corporation, now in the hands of the defendants for liquidation as provided by statute, adjudged a preference, and ordered paid by the defendants out of the assets in their hands of the Central Bank and Trust Company before the payment by them of the claims of other depositors and creditors of the said Central Bank and Trust Company.

It is alleged in the complaint that on 7 November, 1930, the plaintiff sent to the Central Bank and Trust Company, by mail, for deposit to its credit, its check for $20,000, drawn on a bank at New Bedford, in the State of Massachusetts; and that said check was received and collected by the Central Bank and Trust Company, and its proceeds placed to the credit of plaintiff on or about 14 November, 1930.

It is further alleged in the complaint that prior to 7 November, 1930, the Central Bank and Trust Company, through its officers and directors, for the purpose of inducing plaintiff and others to deposit money in said Bank and Trust Company, from time to time, published statements

showing the financial condition of said Bank and Trust Company; that these statements showed that said Bank and Trust Company was solvent, and amply able to meet and satisfy its pecuniary obligations; that said statements were false and fraudulent, for that said Bank and Trust Company at the time they were published was hopelessly insolvent, as its officers and directors well knew; and that plaintiff was induced by and relied on these false and fraudulent statements, when it sent its check to the said Bank and Trust Company, for deposit on 7 November, 1930.

It is further alleged in the complaint that the Central Bank and Trust Company closed its doors and ceased to do business on or about 19 November, 1930, because of its insolvency; and that all its property and assets, including approximately $65,000, in cash, were taken over and passed into the possession of the defendants as provided by statute.

It is further alleged in the complaint that at the date on which the Central Bank and Trust Company closed its doors and ceased to do business, to wit: 19 November, 1930, the balance due to the plaintiff by the said Central Bank and Trust Company, on its account as a depositor, was $20,200.78, and that plaintiff is entitled to have its claim for said amount, or at least for the sum of $20,000, adjudged a preference and paid out of the assets of the Central Bank and Trust Company, before the claims of other depositors or creditors are paid.

It was admitted in the record that plaintiff's claim against the Central Bank and Trust Company for $20,200.78 has been allowed by the defendants; the contention, however, that said claim should be allowed as a preference, was rejected by the defendants prior to the commencement of this action.

The defendants demurred to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action for a preferential claim, for that it is not alleged in the complaint that any representations were made to the plaintiff specifically as to the solvency of the Central Bank and Trust Company, at or prior to the date of its deposit on 7 November, 1930, as an inducement peculiar to the plaintiff to make said deposit.

At the hearing of the action on defendants' demurrer, it was ordered and adjudged that the demurrer be and it was sustained.

From judgment dismissing the action the plaintiff appealed to the Supreme Court.

*James F. Armstrong* and *Alfred S. Barnard* for plaintiff.
*Johnson, Smathers & Rollins* for defendants.

CONNOR, J. The plaintiff contends that on the facts alleged in the complaint and admitted by the demurrer, its title to the proceeds of the

check which it deposited in the Central Bank and Trust Company on 7 November, 1930, did not pass to or vest in said Central Bank and Trust Company. This contention is founded upon the allegation in the complaint that plaintiff was induced to deposit said check by false and fraudulent representations made to it and the public by the Central Bank and Trust Company, through its officers and directors, by means of statements as to its financial condition published by said Bank and Trust Company prior to 7 November, 1930. It is not alleged in the complaint, however, that at or before the date of said deposit, any representation as to its financial condition was made to the plaintiff by the Central Bank and Trust Company or by any of its officers or directors in its behalf, other than statements published by the said Central Bank and Trust Company as inducements to the plaintiff and the public to make deposits in said Bank and Trust Company. In the absence of a false and fraudulent representation made specifically to the plaintiff, with respect to the financial condition of the Central Bank and Trust Company, the plaintiff has no equity superior to the rights of other depositors or creditors of the Central Bank and Trust Company, who made deposits in said company in reliance upon the statements published by said company, and there was no error in the judgment dismissing the action. *Steele v. Allen* (Mass.), 134 N. E., 401, 20 A. L. R., 1203. The judgment is

Affirmed.