BEACON MANUFACTURING COMPANY v. GURNEY P. HOOD, COMMISSIONER OF BANKS, LIQUIDATING THE CENTRAL BANK AND TRUST COMPANY OF ASHEVILLE, NORTH CAROLINA.

(Filed 21 March, 1934.)

**Banks and Banking H e—Depositor relying solely on bank's published financial statement is not entitled to a preference.**

Where a depositor makes his deposit in reliance on the published statement of the bank's financial condition, but without misrepresentation by an officer of the bank as to the bank's condition, the depositor is not entitled to a preference upon the bank's insolvency.

APPEAL by plaintiff from *Schenck, J.,* at January Term, 1934, of BUNCOMBE. Affirmed.

This is an action to have plaintiff's claim against the Central Bank and Trust Company of Asheville, N. C., now in the hands of the defendant Commissioner of Banks for liquidation because of its insolvency, adjudged a preferred claim and ordered paid out of the assets of said

Bank and Trust Company in preference to the claims of its other depositors and creditors, on the ground that said claim is founded on a deposit which was made by reason of false and fraudulent representations by officers of said Bank and Trust Company with respect to its financial condition.

From judgment denying said order, and directing payment of plaintiff's claim only as a general claim against the Central Bank and Trust Company, the plaintiff appealed to the Supreme Court.

*James F. Armstrong and Alfred S. Barnard for plaintiff.*
*Johnson, Smathers, Rollins & Uzzell and C. I. Taylor for defendant.*

PER CURIAM. On the facts found by the judge of the Superior Court, to which there were no exceptions, the plaintiff is not entitled to preference in the payment of its claim out of the assets of the Central Bank and Trust Company, over other depositors of said Bank and Trust Company, who are not preferred creditors. The facts found by the judge are substantially as alleged in the original complaint. See *Mfg. Co. v. Hood,* 204 N. C., 349, 168 S. E., 523, in which it was held that these facts are not sufficient to constitute a cause of action on which plaintiff is entitled to preferential payment.

The letter written to the plaintiff by the president of the Central Bank and Trust Company on 15 February, 1930, contains no representation as to the financial condition of said Bank and Trust Company at said date. The plaintiff did not rely on this letter, but on published statements as to the financial condition of said Bank and Trust Company, both prior and subsequent to the date of this letter. In the absence of a finding that an officer of the Bank and Trust Company made a false and fraudulent representation to the plaintiff, specifically, and thereby induced the plaintiff to continue as a depositor with said Bank and Trust Company, the judgment is

Affirmed.