C. M. PALMER, J. H. PALMER, AND M. V. PALMER, TRADING AND DOING
BUSINESS AS PALMER STONE WORKS, v. GURNEY P. HOOD, COM-
MISSIONER OF BANKS, ON RELATION OF PAGE TRUST COMPANY.

(Filed 20 June, 1934.)

**Banks and Banking H e—**

The making of a deposit in a bank when same is insolvent to the knowl-
edge of its officers does not entitle the depositor to a preference upon the
bank's later receivership.

SCHENCK, J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Sink, J.,* at April Term, 1934, of STANLY.

Plaintiff alleged that the Page Trust Company was a banking corpo-
ration, maintaining offices or branches within the State, and that on
various days in February, 1933, and on the 1st, 2nd, and 3rd days of
March, 1933, they had deposited various sums in said bank, aggregating
$6,289.57.

Plaintiffs further alleged that at the time all of said deposits were
made that said bank was hopelessly insolvent, and that the officers
thereof knew of such insolvency at the time said deposits were received.
It was further alleged that on 3 March, 1933, the bank closed and
thereafter Gurney P. Hood, Commissioner of Banks, took charge of the
assets thereof for the purpose of liquidation.

Upon the foregoing allegations the plaintiffs assert that said deposits
constitute a preference. The defendant demurred to the complaint upon
the ground that the facts stated did not constitute a preferred claim.

The demurrer was sustained and the plaintiffs appealed.

*T. B. Mauney and R. L. Smith for plaintiffs.*
*C. I. Taylor and U. L. Spence for defendant.*

PER CURIAM. Is a general depositor of funds in a bank, hopelessly
insolvent at the time of making such deposits, entitled to a preference
in the liquidation of said bank?

Preferences are usually created by statute or arise from the applica-
tion of the trust fund theory. *In re Bank,* 204 N. C., 143, 167 S. E., 561.
While there is abundant authority for the position asserted by the
plaintiffs, this Court has consistently held that a general deposit such
as disclosed by the present record, does not create a preference. Although
there may be slight variations of fact, the case of *Mfg. Co. v. Hood,*
204 N. C., 349, 168 S. E., 523, and *Mfg. Co. v. Hood, ante,* 324, are
determinative in principle.

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.